STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
JUAN FUENTES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>v.<br><br>JUAN FUENTES,<br>    DEFENDANT. | CR 20-130 WHO<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>HONORABLE WILLIAM H. ORRICK<br>DATE: JUNE 11, 2020<br>TIME: 9:00 A.M. |

CR 20-130 WHO
Defendant's Sentencing Memorandum

1

## INTRODUCTION

Juan Fuentes comes before the Court for change of plea and sentencing. Mr. Fuentes intends to plead guilty to a single violation of 21 U.S.C. § 841 for selling $40.00 worth of cocaine to an undercover officer in the Tenderloin. Mr. Fuentes is 28 years old and has no prior criminal convictions. He joins the government in requesting a sentence of three months in custody, which is time served. Such a sentence would be sufficient to achieve the goals of sentencing with respect to Mr. Fuentes.

## DISCUSSION

Juan Fuentes' history and the nature of this offense warrant a sentence of time served, which represents a slight variance from the advisory Guideline recommendation. Because he has no criminal history, Mr. Fuentes is category I. Because this offense involved a small amount of cocaine, his offense level is 10. This results in an advisory guidelines recommendation of between 6-12 months.[1] U.S.S.G. § 2D1.1.

Consideration of the factors enumerated in 18 U.S.C. § 3553(a), however, compel the conclusion that a variance is warranted here. Mr. Fuentes has no prior criminal convictions and will almost certainly be deported to Honduras upon his release from custody. Mr. Fuentes sold an undercover officer two rocks of cocaine base for $40.00. Despite the fact that he had no criminal record, and despite the scale of his crime, Mr. Fuentes was charged with—and pled guilty to—a felony in federal court. He was not afforded the opportunity to participate in a diversion program or any of the other rehabilitative options that would be available in state court for a first-time, low-level offender. The three months he has spent in custody already constitute his longest (and only) jail sentence.

## CONCLUSION

---

[1] Mr. Fuentes' Guideline recommendation falls into Zone B of the sentencing table so the Guidelines allow for home confinement in lieu of a term of imprisonment, as long as one month is served in custody. U.S.S.G. § 5C1.1(c).

CR 20-130 WHO
Defendant's Sentencing Memorandum

2

For the foregoing reasons, Mr. Fuentes joins the government in requesting a sentence of time served, followed by three years of supervised release.

Dated: June 5, 2020

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
    /S/
ELLEN V. LEONIDA
Assistant Federal Public Defender
